UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTFIELD INSURANCE COMPANY,

    Plaintiff,

vs.

JENNIFER RITCHER,

    Defendant.
_____/

Civil Action No. 20-CV-12692

HON. BERNARD A. FRIEDMAN

**<u>OPINION AND ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

This matter is presently before the Court on defendant's motion for summary judgment [docket entry 12]. Plaintiff has responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion in part.

This is an insurance subrogation action. Plaintiff issued a property insurance policy for a house in Saginaw, Michigan, in which defendant leased the upstairs apartment. The homeowner/landlord lives downstairs. In February 2020, defendant caused a fire in her apartment by turning on her stove and leaving it unattended.[1] The fire caused extensive damage to the entire

---

[1] In her answers to plaintiff's interrogatories, defendant stated that she

> put a teapot on the stove to heat up some water for tea and then left it to go use the bathroom which was off the kitchen. I was in there for a couple of minutes when I heard the smoke detector going off. I emerged from the bathroom to see flames rising up to the ceiling from the stovetop. This was when I realized that the wrong burner had been turned on. Instead of the burner with the kettle, a burner that had a small skillet filled with used oil had been turned on and that was where the flames were.

house. The landlord "sustained smoke, fire and water damage to her real and personal property, as well as additional expenses and harms besides" in an amount "in excess of $170,000."[2] Compl. ¶¶ 9, 13. Plaintiff seeks to hold defendant liable in this amount on the grounds that her negligence caused the fire.

Defendant argues that she is entitled to summary judgment because in Michigan an insurer has no cause of action against a tenant whose negligence causes property damage to the leased premises. Defendant cites *N.H. Ins. Grp. v. Labombard*, 399 N.W.2d 527 (Mich. Ct. App. 1986), in which defendant, who rented one of the units in a four-unit building insured by plaintiff, negligently caused a fire that damaged his unit. Plaintiff, the landlord's insurer, paid the landlord for property damage and lost rental income, and then turned to the tenant for reimbursement of these items in a subrogation action. In affirming in part the trial court's dismissal of the insurer's claim, the Michigan Court of Appeals stated:

> We are persuaded that a tenant may reasonably expect that his or her rental payments will be used to cover the lessor's ordinary and necessary expenses, including fire insurance premiums. Tenants reasonably expect that, by effectively contributing to the premium payments, they will occupy a position akin to the insured and will be free from tort liability for negligently caused fire damage to the premises. We hold that, absent an express and unequivocal agreement by a tenant to be liable to the lessor or the lessor's fire insurer in tort for negligently caused fire damage to the premises, the tenant has no duty to the lessor or insurer which would support a negligence claim for such damages.

Pl.'s Resp., Ex. A.

---

[2] In its response brief, plaintiff asserts that it "paid out over $210,000 for damages to the subject property, as well as for lost rental income, for [the landlord's] additional living expenses, and for damage to her personal property." Pl.'s Resp. at 1-2. It is unclear what accounts for the difference between this $210,000 and the "in excess of $170,000" alleged in the complaint.

2

*Id.* at 531. The court of appeals affirmed the dismissal of the insurer's claim "to the extent plaintiffs seek recovery for damages to the leasehold premises resulting from defendant's negligence." *Id.* However, the matter was "remand[ed] to the circuit court for a determination of defendant's liability, if any, for rental income lost by [the landlord] while the premises were being repaired." *Id.* Notably, "the insurance proceeds included reimbursement for rental income lost by [the landlord] during the repair of defendant's apartment." *Id.* at 528.

In its response to this motion, plaintiff concedes that under *Labombard* defendant cannot be held liable for the damage to the area she leased, i.e., the second floor of the house, as defendant never assumed that liability. However, plaintiff indicates that it does not seek such damages. Instead, plaintiff states that it seeks "recovery of the damages paid out for: rental income loss; the damages to the portions of the subject property that were not leased to Defendant (such as the first floor apartment in which [the landlord] – and not Defendant – resided); [the landlord's] personal property in the first floor apartment at the time of the fire; and additional living expenses incurred by [the landlord]." Def.'s Resp. at 7. Plaintiff cites *Antoon v. Cmty. Emergency Med. Serv., Inc.*, 476 N.W.2d 479, 481-82 (Mich. Ct. App. 1991) (footnote omitted), for its statement that

> [t]he holding in *Labombard* was limited to damage resulting to the real property that was the subject of the lease. It did not apply to injuries to other types of property, as evidenced by the fact that the matter was remanded for a determination of the defendant's liability for lost rental income suffered by the plaintiff. *Id.*, at 377, 399 N.W.2d 527. We decline to extend the *Labombard* holding to preclude a lessee's liability for all damages occasioned by the lessee's negligence. A lessee cannot reasonably expect that the rental payments will be used to insure against damage to items other than the leased premises.

Defendant, as the moving party, has the burden of demonstrating the absence of

3

genuine issues of material fact and her entitlement to summary judgment. *See* Fed. R. Civ. P. 56(a); *Wingo v. Mich. Bell Tel. Co.*, 815 F. App'x 43, 45 (6th Cir. 2020). Defendant has not met this burden in the present case because she has demonstrated only that she cannot be held liable for the fire damage done to her rental unit. She has not cited case authority that frees her of liability for other property damage (e.g., to portions of the house she did not lease or to the landlord's personal property) or for income the landlord's lost or her additional living expenses while the house was being repaired. Defendant correctly notes that "Plaintiff's complaint does not specify how the amount of damage was determined" and that it is unclear whether plaintiff's demand "include[s] damages for repair to the second floor apartment." Def.'s Reply at 2. However, this demonstrates the presence of a factual dispute, not the absence of one, and it is an issue that can be clarified during discovery. In any event, defendant is entitled to summary judgment only insofar as plaintiff seeks to hold her liable for the costs to repair the unit she leased, and it is apparent that at least some portion of the damages plaintiff seeks are for items that are not barred by *Labombard* and *Antoon*. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted in part as follows: summary judgment is granted for defendant insofar as plaintiff seeks to hold her liable for the second floor apartment repair costs. As to all other items for which plaintiff paid on this claim, defendant's motion is denied.

                                                                              s/Bernard A. Friedman
                                                                              BERNARD A. FRIEDMAN
Dated: May 19, 2021                         SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan